**IN THE UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

**PELICAN BAY HOMEOWNERS ASSOCIATION**
**PLAINTIFF,**

 vs.                                                                  **CIVIL ACTION NO. 2:19-cv-241**
                                                                      **JUDGE**_____

**PALOMAR SPECIALTY INSURANCE COMPANY**

**DEFENDANT.**

**PLAINTIFF'S ORIGINAL COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW, **PELICAN BAY HOMEOWNERS ASSOCIATION** (hereinafter, referred to as Plaintiff), and file this, its **Original Complaint**, and for causes of action against PALOMAR SPECIALTY INSURANCE COMPANY ("PALOMAR") (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

**PARTIES AND SERVICE OF PROCESS**

1.      Plaintiff **PELICAN BAY HOMEOWNERS ASSOCIATION** is the owner of the policy for the insured property located at 1001 West Bayview, Portland, Texas 78374 that is the subject of this lawsuit and is situated in Nueces County, Texas.

2.      Defendant, PALOMAR is a foreign insurance company, domiciled in Oregon, and registered to engage in the business of insurance in the State of Texas. This Defendant may be served with personal service by a process server, by serving its Attorney for Service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3140.

1

## STATUTORY AUTHORITY

3. This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq.*, 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6. Defendant has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.[1]

7. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8. This lawsuit arises out of the following transactions, acts, omissions, and/or events. Hurricane Harvey struck South Texas on August 25, 2017 over multiple days and caused catastrophic damage throughout the region. On or about August 25,

---

[1] Tex. Ins. Code 542A.003 requires pre-suit notice not later than the 61st day before an action is filed, unless notice is impracticable because there is insufficient time to give pre-suit notice before the limitations period will expire. Plaintiff has provided pre-suit notice within the parameters pursuant to 542A.003(d).

2

2017, Plaintiff's property sustained damages as a result of Hurricane Harvey winds of up to 90 mph over multiple consecutive days.

9. Plaintiff submitted a claim to Defendant, PALOMAR, pursuant to the contract of insurance, for damages to the property as a result of Hurricane Harvey and asked Defendant PALOMAR to honor its contractual obligations and cover the cost of repairs to the property.

10. Defendant, PALOMAR, accepted Plaintiff's claim and assigned York Risk Services Group, Inc. to investigate and evaluate the claim, York Risk Services Group, Inc. assigned a file number of CINC-0071A9.

11. York Risk Services Group, Inc. then assigned adjuster Tom Mrachek of York Specialized Loss Adjusting to inspect, investigate and evaluate the claim, assess the damages to the property, and communicate with the Plaintiff as to coverage under the policy.

12. Tom Mrachek performed an inspection of the subject insured property and provided an estimate of the damages. Mr. Mrachek estimated the covered damages at a replacement cost value of $155,141.02. After applying the $30,623.00 deductible, a payment of $108,445.09 would be issued to the insured once a signed Proof of Loss was received. Plaintiff did not agree with Mr. Mrachek's damage assessment and advised York of the disagreement.

13. Even though the property had sustained extensive damages from the storm, Mrachek ignored wind created damages to the property. Mrachek completed a results oriented, unreasonable inspection, failed to document all the covered wind

damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages.

14. Plaintiffs did not agree with Mr. Mrachek's assessment of the damages to its property and advised York of the disagreement.

15. Plaintiff contacted PALOMAR to discuss its disagreement with the coverage determination made by Mrachek. Defendant, PALOMAR then retained Rimkus Consulting Group to investigate and evaluate the claim. Rimkus Consulting Group then assigned Michael D. Parker, P.E., to perform a visual inspection of the property and determine the extent of the damage.

16. Mr. Parker concluded in his October 26, 2017 report that he found no storm damage to the decks, siding and exterior doors. Mr. Parker's report did not address any of the damages to the roof.

17. Brandi J. Bueto of York Risk, sent a letter to Plaintiff on December 26, 2017, advising of the Rimkus conclusions and denying Plaintiff's damages. A copy of the report accompanied the letter. Plaintiff again disagreed with the findings of York and the engineer.

18. Subsequently, Kelly Ross on behalf of PALOMAR hired and requested a second Engineer, Unified Building Sciences & Engineering, Inc. (UBSE) to conduct a damage assessment to the roof of the above-named property. The property was inspected on June 6, 2018 and the engineer found minor wind damage to the roof, misrepresented that the roof was repairable and that the remainder of the roofs were damaged due to wear, tear, and deterioration.

19. On August 1, 2018, Ms. Bueto sent a letter to Plaintiff advising of the new reports and stating that no supplemental payment was due.

20. Plaintiff then hired South Wind Public Adjusters to inspect the property for damages from Hurricane Harvey, properly investigate and evaluate the claim and communicate with Defendant and its representatives regarding the claim.

21. Mario Garcia of South Wind Public Adjusters determined that Plaintiff's property damages were grossly undervalued by Mr. Mrachek, Ms. Ross, Ms. Bueto and PALOMAR. After re-inspecting the property, with an adjuster of York Risk, Mr. Garcia determined that there was wind damage to the property and pointed out covered damages that had been missed. Mr. Garcia provided an estimate of damages in the amount of $488,262.37.

22. On or about February 25, 2019, adjuster Kelly J. Ross submitted a supplement estimate of damages totaling $163,663.05. A supplement payment in the amount of $6,771.92 was to be issued once the updated Proof of loss was received. The amount of Plaintiff's covered damages were again unreasonably undervalued and denied. PALOMAR and its adjuster still refused to pay for the full replacement of the roof and full repair of the exterior and interior damages.

23. UBSE conducted a second inspection of the property with Plaintiff's public adjuster. After the inspection, USBE submitted a written report to PALOMAR that concluded that they couldt rule out that most of the observed moisture-related damage/distress was associated with Hurricane Harvey and damaged finishes can be removed and replaced. The report stated further that moisture-related damage/distress

was associated with rain entering the units at at balconies and exterior doors, chimneys, and roof-to-wall transitions. Plaintiff's policy covers wind driven rain.

24. Defendant, PALOMAR relied upon Mr. Mrachek, Ms. Ross, Ms. Bueto and Mr. Most's inaccurate and unreasonable reports to deny the Plaintiff's damages. Furthermore, Defendant, PALOMAR failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

25. Based on the improper, inadequate, and incomplete investigation of PALOMAR, and its representatives, the Plaintiff's damages were only estimated at $163,663.05.

26. To date, Plaintiff has yet to receive full payment on its Hurricane Harvey claim.

27. Defendant, PALOMAR ignored the information provided by Plaintiff and its public adjuster. Instead, Defendant, PALOMAR chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

28. Defendant, PALOMAR failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, PALOMAR - COUNT I - BREACH OF CONTRACT

29. Each of the foregoing paragraphs is incorporated by reference in the following.

30. Plaintiff and Defendant PALOMAR executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 1001 West Bayview, Portland, Texas 78374. The policy provides coverage for the peril of

wind, hurricane and rain, such as those sustained during Hurricane Harvey, among other perils.

31. All damages and loss to the Plaintiff's property were caused by the direct result of a peril for which Defendant PALOMAR insured Plaintiff, pursuant to the policy herein, specifically, the perils of hurricane, wind, and rain.

32. Defendant, PALOMAR sold the subject insurance policy to Plaintiff insuring the subject insured property in its "as is" condition.

33. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the high winds and rain that occurred during Hurricane Harvey.

34. Plaintiff submitted a claim to Defendant, PALOMAR pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during Hurricane Harvey.

35. Plaintiff provided Defendant, PALOMAR, with proper notice of damage to the exterior and interior of the subject insured property.

36. Defendant, PALOMAR ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

37. PALOMAR by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

38. PALOMAR by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hurricane winds and water damages to the subject property.

39. As of this date, PALOMAR by and through its adjusters and representatives have failed to pay for the hurricane winds and water damages to Plaintiff's property.

40. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

41. Defendant, PALOMAR, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

42. Defendant, PALOMAR has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

43. As of this date Defendant, PALOMAR continues to be in breach of the contract.

44. PALOMAR ignored the information provided by Plaintiff and its public adjuster during the handling of the claim and did not make any payment to indemnify Plaintiff for the full amount of the covered damages.

45. PALOMAR failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

46. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

47. Each of the foregoing paragraphs is incorporated by reference in the following.

48. Defendant PALOMAR is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1. Misrepresenting a material fact or policy provision relating to coverage at issue;

    a. Making an untrue statement of material fact. PALOMAR through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject property stating the total damages were $163,663.05.

    b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. PALOMAR through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the building and property in order to more accurately investigate and evaluate the damages resulting from the covered perils of hurricane, wind and rain.

    c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. PALOMAR through its agents, employees, or consultants advised Plaintiff and its public adjuster that it had investigated and evaluated the damages to

9

       the subject property resulting from the August 25, 2017 hurricane and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. PALOMAR failed to consider reports provided by Plaintiff and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

3. Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

4. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. PALOMAR through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the building at the subject insured property in order to properly evaluate the extent and value of damages resulting from the Hurricane Harvey event of August 25, 2017.

49. Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated

the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

### COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

50. Each of the foregoing paragraphs is incorporated by reference here fully.

51. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

52. Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiffs why it needed more time, as required by Tex. Ins. Code 542.056.

53. Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

54. Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

55. PALOMAR ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make a payment.

11

56. PALOMAR, upon receipt of the South Wind Public Adjusters' estimate from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

### COUNT IV - BREACH OF COMMON LAW
### DUTY OF GOOD FAITH AND FAIR DEALING

57. Each of the foregoing paragraphs is incorporated by reference here fully.

58. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

59. Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

60. Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

61. PALOMAR ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any payment.

62. PALOMAR failed to make any payment after receipt of the additional information from the public adjuster, when PALOMAR knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

63. Each of the foregoing paragraphs is incorporated by reference here fully.

64. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, PALOMAR and the products and services form the basis of this action.

65. Defendant PALOMAR has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant PALOMAR took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

   b. Generally engaging in unconscionable courses of action while handling the claim; and/or

   c. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

66. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

67. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant PALOMAR's acts and omissions and pray that, Defendant be

cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

68. Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

69. For breach of contract by Defendant, PALOMAR, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

70. For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, PALOMAR, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

71. For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, PALOMAR, Plaintiff is entitled to the amount of their claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

72. For violations of the common law duty of good faith and fair dealing by Defendant, PALOMAR, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

73. For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, PALOMAR, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** their damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## JURY DEMAND

74. Plaintiff respectfully demands a **trial by jury**.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: /s/ *Phillip N. Sanov*
**PHILLIP N. SANOV, Bar No. 17635950**
**CARLA R. DELPIT, Bar No. 2248226**
**One Galleria Tower**
**2700 Post Oak Blvd., 21st Floor**
**Houston, Texas 77056**
**Telephone:   (832) 583-5663**
**Facsimile:    (504) 313-3820**
**Email: psanov@panditlaw.com**
             **cdelpit@panditlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**PELICAN BAY HOMEOWNERS**
**ASSOCIATION**